UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLEANS INTERNATIONAL INC,

    Plaintiff,

v.

ALTERNA CAPITAL SOLUTIONS, et al.,

    Defendants.

                                 /

Case No. 2:21-cv-11335

HONORABLE STEPHEN J. MURPHY, III

**AMENDED OPINION AND ORDER**
**GRANTING MOTION FOR SUMMARY JUDGMENT [96]**

Plaintiff Orleans International sued Defendants Alterna Capital Solutions (Alterna) and Revier Brand Group (RBG) for nonpayment of funds under an alleged business agreement between Plaintiff and RBG. ECF 29. Defendants countersued. ECF 30; 33. Plaintiff then separately sued Defendant United Natural Foods Incorporated (UNFI) on a delivery of goods that Plaintiff allegedly made to UNFI pursuant to its agreement with RBG—but for which UNFI never paid. United Natural Foods filed a counterclaim for interpleader and RBG and Alterna removed the case to federal court. *See* ECF 96, PgID 3644. The two cases were subsequently consolidated. ECF 57. UNFI moved for summary judgment. ECF 96. Only Plaintiff opposed the motion. ECF 97; *see also* ECF 89; 99 (showing RBG and Alterna do not oppose UNFI's motion for interpleader). For the reasons below, the Court will grant the motion for summary judgment for UNFI on Plaintiff's claims for breach of contract and unjust enrichment and on UNFI's claim for interpleader.

1

## BACKGROUND

UNFI is a nationwide wholesale food distributor. EFC 96, PgID 3644. RBG supplied beef products to UNFI and UNFI intended to resell them to its retail customers. *Id.* RBG, Alterna (RBG's lender), and Plaintiff all claim the right to payment for certain beef products that were delivered to UNFI in March 2021. *Id.*; *see generally* ECF 29; 91; 92; 93. The claims against UNFI fall under two categories: (1) claims for payment related to the shipment of beef to UNFI for which UNFI has not made payment to any party; and (2) claims for payment related to the shipment of beef to UNFI for which UNFI paid Alterna, *infra*. UNFI conceded that it owed one of the parties—RBG, Alterna, or Plaintiff—$243,003.55 for the unpaid transactions. *See* ECF 96, PgID 3644. UNFI requested summary judgment from the Court authorizing UNFI to interplead the $243,003.55 sum with the Court and to be discharged of all liability with respect to the unpaid transactions. *Id.* at 3658.

I. <u>Plaintiff, RBG, and Alterna</u>

Plaintiff sued RBG for breach of contract and both RBG and Alterna for tortious interference with business relationships, fraud, and civil conspiracy. ECF 29. Plaintiff Orleans is a wholesaler and broker of meat products for sale and distribution to customers throughout the United States. *Id.* at 886. RBG procures cattle for processing and sells beef. *Id.* at 887.

Plaintiff attached emails to its complaint that demonstrated its relationship with RBG. *Id.* at 902−86. In essence, RBG occasionally outsourced fulfillment of its purchase orders to Plaintiff. *See e.g., id.* at 928–29, 957–62. Plaintiff would then work

with Republic Foods, RBG's beef processor, and deliver the beef to end-customers. *Id.* at 889–90. Here, the parties dispute who owned the beef, who paid for the beef that was delivered to end-customers US Foods and UNFI, and who was entitled to payment for the delivery. *See generally* ECF 91; 92; 93.

On the other hand, RBG and Alterna had an independent business relationship. *Id.* at 888. In essence, Alterna provided liquidated funds to RBG in exchange for a secured interest in RBG's accounts receivable, inventory, and more. *See* ECF 92-2; ECF 92-3. Accordingly, RBG's customers received invoices from RBG that contained instructions to remit the customers' payments to Alterna. *See e.g.,* ECF 55-3, PgID 1543.

Plaintiff alleged in its lawsuit that it purchased and delivered beef pursuant to its agreement with RBG, but that RBG and Alterna conspired to deprive Plaintiff of payment for the beef. *Id.* at 891. Specifically, Plaintiff alleged RBG and Alterna sent invoices to end-customers that erroneously directed payments to be remitted to Alterna instead of Plaintiff. *Id.* at 891–92; ECF 55, PgID 1543. Plaintiff claimed it still has not been paid for deliveries to two end customers, one of which was UNFI. And UNFI's role in the transaction is the subject of the present order. *Id.*

II. UNFI's Paid Transactions

On March 19, 2021, UNFI issued via email electronic purchase order numbers 15809152 and 15809154 to RBG for certain beef products; the email was received by RBG salesman Kevin Shosten. EFC 96-2, PgID 3663. The next day, Mr. Shosten sent a return email to UNFI and confirmed the order. EFC 96-3, PgID 3665. On March 25,

3

2021, Paul Hillen of RBG emailed to UNFI Invoice Nos. 1199 and 1200 for the beef products that UNFI ordered from RBG related to purchase order numbers 15809152 and 15809154. ECF 96-4, PgID 2668. The RBG invoices provided a remittance post office box address for Alterna. *Id.* at 3672–74.

That same day, UNFI received two unsolicited documents titled "Sales Confirmation" from Plaintiff's email address (informationserver@orleansintl.com) that purported to relate to UNFI's purchase order numbers 15809152 and 15809154. ECF 96-5, PgID 3677–79. Both documents from Plaintiff's account contained a blank signature line with the legend, "Please sign and return immediately to Orleans." *Id*. UNFI did not sign or return the Sales Confirmation documents to Plaintiff. *Id*. at 3646. Later that day, UNFI received four invoices (Numbers 433368, 433369, 433399 and 433403) from Plaintiff's email address. ECF 96-6. Invoice Numbers 433399 and 433403 corresponded in dollar amount to RBG Invoice Numbers 1199 and 1200. *Compare* ECF 96-4, PgID 3672–74 *with* ECF 96-6, PgID 3686–90. The other two invoices from Plaintiff (Numbers 433368 and 433369) related to the unpaid transactions, *infra*.

UNFI paid both RBG invoices (Numbers 1199 and 1200) on March 31, 2021—the payment deadline—by mailing a check in the amount of $212,891.36[1] to the Alterna. ECF 96-7, PgID 3692; *see also* 96-4, PgID 3672–73 (noting the invoice due

---

[1] The check total is greater than the total of RBG invoices, Nos. 1199 and 1200, because the check paid other obligations to RBG that are not at issue in the case in addition to the two invoices. ECF 96, PgID 3646.

date was March 31, 2021). UNFI did not pay Plaintiff's duplicative invoices (Numbers 433399 and 433403).

III. UNFI's Unpaid Transactions

On March 11, 2021, UNFI issued electronic purchase order numbers 15803640 and 15803641 for certain specified beef products to RBG, which Mr. Shosten confirmed in a return email message the same day. ECF 96-8. On March 19, Republic Foods emailed to UNFI its bill of lading documents for the meat products that corresponded to UNFI purchase order numbers 15803640 and 15803641 and Republic indicated in the email that the products were shipped to UNFI on March 19, 2021. ECF 96-9. On the same day, UNFI received two documents titled "Sales Confirmation" from Plaintiff's email address (informationserver@orleansintl.com) that purported to relate to UNFI's purchase order numbers 15803640 and 15803641. ECF 96-10. Again, both documents contained a blank signature line with the legend, "Please sign and return immediately to Orleans." *Id.* at 3710–12. UNFI did not sign or return the Sales Confirmation documents to Plaintiff. *Id.* at 3647. As noted above, on March 25, 2021, UNFI received four invoices from the same email address. Two of the invoices (Numbers 433368 and 433369) purported to relate to UNFI's purchase order numbers 15803640 and 15803641 that were issued to RBG. *See id.* at. 3682–85.

On April 2, 2021, Mark Lowrey, the Relationship Manager for Alterna (RBG's secured lender) sent an email to UNFI and attached a copy of what purported to be RBG invoices, Nos. 1209 and 1210, for purchase order numbers 15803640 and

5

15803641. ECF 96-11. Then, on April 5, one of Plaintiff's employees sent an email to the UNFI employee who placed the purchase orders and stated:

> "Orleans received news that a company called RBG may try to reach out to you regarding payment. Please understand this company is dissolving and you do NOT owe them anything. Please continue to only send funds to Orleans International Inc. Bank account and wire instructions have NOT changed and can be found on the bottom of your invoice. Thank you for understanding, I will be following up with a phone call to confirm you have received this information. We apologize for any inconvenience this may cause. Sincerely, Isabella Bruno isabruno@orleansintl.com Phone: (248)-855-5556 Ext 307 Please Note: Orleans' bank account and wire instructions HAVE NOT changed. Payment terms are net 7 days receiving payment in 14 days."

ECF 96-12, PgID 3720 (emphasis in original). The same employee sent a follow-up email later that day and requested confirmation that UNFI had read the message and passed it along to the correct contacts. *Id.* at 3722. UNFI confirmed that they read the email and forwarded it to the appropriate departments. *Id.*

A few days later, UNFI informed Plaintiff that they paid RBG the amounts owed on UNFI Purchase Order Nos. 15809152 and 15809154 by check on March 31, 2021 and that UNFI paid RBG the amounts owed on UNFI Purchase Order Nos. 15803640 and 15803641 by check on April 6, 2021. ECF 96-13. Reed Tushman, Vice President and Director of Operations for Orleans, sent an email to UNFI and stated:

> "It appears that [UNFI] paid the wrong vendor for product we delivered. It seems that the check was just sent. Is there a way you can cancel the payment? The company you have paid is trying to steal funds from us! We need your help asap. Please contact me asap, I do not have your phone number."

*Id.* at 3724. UNFI stopped payment on its April 6, 2021 check in the amount of $243,003.55 to RBG that would have paid the amounts owed for UNFI Purchase

6

Order Nos. 15803640 and 15803641. ECF 96, PgID 3649. And UNFI conceded it owes someone $243,003.55 for UNFI Purchase Order Nos. 15803640 and 15803641. *Id.*

## LEGAL STANDARD

The Court must grant a summary judgment motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must point to specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a summary judgment motion, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

7

**DISCUSSION**

The Court will first address whether UNFI is entitled to summary judgment on Plaintiff's breach of contract claim. The Court will then address whether UNFI is entitled to summary judgment on Plaintiff's unjust enrichment claim. Finally, the Court will address whether UNFI is entitled to interpleader.

I. <u>Breach of Contract</u>

Plaintiff failed to provide evidence sufficient to support their claim for breach of contract against UNFI. A valid contract requires five elements: (1) parties competent to contract; (2) a proper subject matter; (3) legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation. *AFT Michigan v. State*, 497 Mich. 197, 235 (2014). A valid contract also requires mutual assent on all essential terms. *Eerdmans v. Maki*, 226 Mich. App. 360, 364 (1997). Before a contract can be formed, there must be an offer and acceptance. *Id.* "An offer is defined as the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it. Acceptance must be unambiguous and in strict conformance with the offer." *Id.* (quotation marks and quotation omitted).

Simply put, there was no contract between Plaintiff and UNFI because there was no mutuality of agreement. UNFI submitted four purchase orders for beef products to RBG. EFC 96-2; 96-8. RBG confirmed the orders. ECF 963; 96-8. Those events constituted offer and acceptance between UNFI and RBG. A contract was thus formed between UNFI and RBG wherein RBG would deliver beef products to UNFI

8

in exchange for payment. Plaintiff later emailed "sales confirmations" to UNFI for the same products. *See e.g.,* ECF 96-10. But Plaintiff provided no evidence that UNFI acknowledged, signed, or returned the sales confirmations. *See* ECF 91; 97. Because UNFI did not accept Plaintiff's "offer," there was no agreement and therefore no contract between Plaintiff and UNFI. *See Eerdmans*, 226 Mich. App. At 364 (noting contract formation requires acceptance). Moreover, although Plaintiff allegedly delivered the beef, Plaintiff did so pursuant to its agreement with RBG and/or Republic—not UNFI. *See* ECF 101, PgID 4124 (noting Plaintiff's exhibits demonstrate "an agreement between and among RBG, Republic and [Plaintiff] regarding the sale of [RBG] branded product to end-customers, such as US Foods and UNFI"). Because no contract formed between UNFI and Plaintiff, UNFI is entitled to summary judgment on Plaintiff's claim for breach of contract.

II. <u>Unjust Enrichment</u>

Plaintiff also failed to provide evidence sufficient to support its claim for unjust enrichment against UNFI. "Unjust enrichment is a cause of action to correct a defendant's unjust retention of a benefit owed to another." *Wright v. Genesee Cty.*, 504 Mich. 410, 417 (2019) (citation omitted). "It is grounded in the idea that a party shall not be entitled to profit or enrich himself inequitably at another's expense. A claim of unjust enrichment can arise when a party has and retains money or benefits which in justice and equity belong to another." *Id.* at 418 (quotation marks and quotation omitted).

9

If Plaintiff rightfully owned the beef delivered to UNFI, Plaintiff may not recover from UNFI the $115,676.68 that UNFI paid Alterna for the beef. *See* ECF 96, PgID 3654. UNFI contracted to purchase the beef from RBG and received and paid for the beef according to its contract with RBG. UNFI has not been unjustly enriched by the paid transactions as "[n]o person is unjustly enriched unless the retention of the benefit would be unjust." *Buell v. Orion State Bank*, 327 Mich. 43, 56 (1950). UNFI's retention of the beef is not an unjust retention of a benefit because UNFI paid RBG for it. In fact, it would be unjust for UNFI to pay twice for the same product because of independent discussions and actions between Plaintiff, RBG, and Republic that were unknown to UNFI.[2] The Court must enter summary judgment for UNFI on the unjust enrichment claim.

III. Interpleader

As to the unpaid transactions, UNFI is entitled to interpleader. "Interpleader is an equitable proceeding that affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (citations omitted). To determine whether a party properly invoked interpleader,

---

[2] RBG and Plaintiff disagree about whether the agreement regarding Plaintiff's involvement in the delivery of beef to UNFI was between Plaintiff and RBG or Plaintiff and Republic. *Compare* ECF 101, PgID 4124 *with* ECF 93, PgID 3447–48. Either way, if Plaintiff delivered the beef, it did so pursuant to its agreement with an entity that was not UNFI. By that same token, if Plaintiff is owed payment for the beef, it is owed payment under its agreement with the other entity—not from UNFI, which was not a party to the agreement and which already paid for the product.

10

courts consider: (1) whether the court has jurisdiction over the case; (2) whether the stakeholder is legitimately at risk of double or multiple liability; (3) and whether equity would preclude interpleader. *Allstate Life Ins. Co. v. Shaw*, No. 15-11761, 2016 WL 1640461, at *3 (E.D. Mich. April 26, 2016) (citing *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007)). The stakeholder's fear of overlapping litigation is "legitimate" when multiple parties allege competing claims to the stakeholder's funds. *Id.* at 642.

First, the Court has diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and because the suit is between citizens of different states. *See* ECF 29, PgID 886; ECF 96-14, PgID 3728. Next, UNFI is at risk of multiple liability because three parties—Alterna, RBG, and Plaintiff—claim they are entitled to payment of the $243,003.55. Last, no equitable concerns exist that would preclude interpleader. The Court will therefore grant interpleader to UNFI.

Once the Court determines that the interpleader remedy is proper, the Court may (1) order the stakeholder to deposit with the court the funds or property at issue; (2) discharge the stakeholder if it is a disinterested party; (3) enjoin the parties from prosecuting any other proceeding related to the funds or property; and (4) direct the claimants to litigate their claims to the property or funds at issue. *Shaw*, 2016 WL 1640461, at *3. The Court will accordingly order UNFI to deposit $243,003.55 with the Court. The funds should be deposited in an interest-bearing account and in accordance with Local Rule 67.1. *See* E.D. Mich. L. R. 67.1. Further, because the Court granted summary judgment to UNFI on Plaintiff's claims for breach of contract

11

and unjust enrichment, UNFI is a disinterested party, and the Court will discharge UNFI from the case. The Court will also enjoin the parties from pursuing further litigation against UNFI related to the same transactions and will direct the parties to continue to litigate their claims to the $243,003.55 efficiently and in good faith. The Court will not, however, grant UNFI attorney's fees.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion for summary judgment [96] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant United Natural Foods must **DEPOSIT** with the Court **$243,003.55 within thirty days of this order**.

**IT IS FURTHER ORDERED** that the Clerk of Court should **DEPOSIT** the funds in an interest-bearing account and in accordance with Local Rule 67.1.

**IT IS FURTHER ORDERED** that Defendant United Natural Foods is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties are **ENJOINED** from prosecuting United Natural Foods in any other proceeding related to the purchases at issue in the instant case.

**IT IS FURTHER ORDERED** that if Defendant United Natural Foods fails to timely deposit the required funds with the Court, the parties may **MOVE** to vacate

this Order.

**SO ORDERED.**

                                                  <u>s/ Stephen J. Murphy, III</u>
                                                  STEPHEN J. MURPHY, III
                                                  United States District Judge

Dated: July 12, 2024