UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLEANS INTERNATIONAL, INC.,

        Plaintiff,

v.

ALTERNA CAPITAL SOLUTIONS, et al.,

        Defendant.
_____/

Case No. 2:21-cv-11335

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT [91]</u>**

Plaintiff Orleans International, Inc., sued Defendants Alterna Capital Solutions (Alterna) and Revier Brand Group, LLC, (RBG) for nonpayment of funds under an alleged business agreement between Plaintiff and RBG and/or non-party Republic Foods (Republic) for the sale of beef. ECF 29. Plaintiff also sued United Natural Foods Incorporated (UNFI) to recover payment for the same beef deliveries; and the Court consolidated both cases. ECF 57. Plaintiff alleged in both instances that it was entitled to the proceeds from the sales of certain beef products in March 2021. *See* ECF 29. Plaintiff then moved for partial summary judgment on its claim for declaratory judgment against RBG, Alterna, and UNFI. Plaintiff requested that the Court declare that it had the exclusive right to invoice and collect the proceeds for the beef transactions at issue. ECF 91. For the reasons below, the Court will deny Plaintiff's motion.

1

## BACKGROUND

Defendant RBG markets and sells beef products to customers. ECF 29, PgID 887. Defendant Alterna provided funding to RBG for its beef purchases in exchange for a security interest in RBG's receivables, inventory, and more. *See* ECF 30-2; ECF 30-3. In December 2020, RBG entered into a contractual agreement with non-party Republic Foods (Republic), which was in the business of harvesting and processing cattle into beef. ECF 93-1. Per the agreement, RBG supplied cattle to Republic, which processed the cattle into boxed beef; Republic then sold the boxed beef to end-customers. *Id.* at 3457. Revier Cattle Company (RCC) typically provided cattle to RBG, which RBG in turn sent to Republic for processing. ECF 91, PgID 2239.

In March 2021, RBG signed an agreement to purchase cattle from United Feeders, Inc., (United Feeders) and Rocky Ford Livestock Co. (Rocky Ford) to meet its customers' purchase orders. ECF 91-3, PgID 2460. RBG purchased the cattle from United Feeders and Rocky Ford as opposed to RCC because it was "running low on money," and United Feeders and Rocky Ford allowed RBG to purchase the cattle "on terms." ECF 91-14, PgID 3061. United Feeders and Rocky Ford then delivered cattle to Republic for processing. ECF 91, PgID 2239.

Plaintiff alleged that, in early 2021, RBG and Republic brought Plaintiff into their business relationship. ECF 29, PgID 887. Plaintiff's role in the relationship, however, is unclear, though Plaintiff alleged that they sometimes paid for, sold, and/or delivered RBG-branded beef to RBG's end-customers. *See generally* ECF 91.

What is clear is that on March 11, 2021, RBG requested that Plaintiff source upper choice beef products to help RBG fulfill several purchase orders. ECF 91-5, PgID 2536–37. RBG represented that the beef-sourcing purchase would "be a cash purchase by Revier." *Id.* at 2536. Plaintiff subsequently ordered $378,832.77 of beef from National Beef on March 11. ECF 91-5, PgID 2540. The next day, one of RBG's other lenders, Sandton, declared RBG in default and froze its assets. ECF 93-9. RBG claimed it notified Plaintiff that it was in default once it received a notice of default from its lender. ECF 93-8, PgID 3591. Plaintiff nonetheless proceeded with the order from National Beef and delivered the beef to Republic to be processed. ECF 91-5, PgID 2540–43.

Republic, working with Plaintiff—although the extent of Plaintiff's involvement is unclear—then delivered the National Beef to US Foods and UNFI, together with the beef that was sourced from United Feeders and Rocky Ford. *See* ECF 91-8, PgID 2636–37; ECF 91-9, PgID 2815–28. After UNFI and US Foods received the beef shipments, both Plaintiff and RBG invoiced UNFI and US Foods for the beef product. ECF 91-19, PgID 3232. US Foods paid RBG's invoices. ECF 54, PgID 1247. UNFI partially paid RBG's first two invoices, but withheld payment for the subsequent shipment due to confusion over which party to pay. *See* ECF 91-8, PgID 2774; ECF 127.

Plaintiff then sued RBG, US Foods, UNFI, and Alterna to recover the proceeds from the sales described immediately above. ECF 29. The Court dismissed US Foods for lack of personal jurisdiction because the contract to purchase beef between US

Foods and RBG was not centered in Michigan. ECF 66. The Court also granted summary judgment for UNFI on Plaintiff's claims for breach of contract and unjust enrichment because UNFI contracted with RBG, not Plaintiff, and paid for the beef according to that contract. ECF 125; 127. Additionally, the Court granted interpleader to UNFI and ordered UNFI to deposit the remaining $243,003.55 it owed on the transaction with the Court. *Id.* The Court also granted partial summary judgment for Alterna on Plaintiffs claims for tortious business interference, fraud, and civil conspiracy because Alterna, as a secured creditor of RBG, was entitled to collect payment on RBG's accounts receivable. ECF 126. The Court will now address Plaintiff's motion for partial summary judgment on its claim for declaratory judgment against RBG, Alterna, and UNFI. Plaintiff requested a declaration that only Plaintiff's invoices were valid. ECF 91.

## LEGAL STANDARD

The Court must grant a summary judgment motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must point to specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for

4

trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a summary judgment motion, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

## DISCUSSION

Plaintiff moved for summary judgment on its claim for declaratory judgment. ECF 91. The Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Plaintiff requested the Court declare that "all payments made, or due from, Defendant UNFI," and all payments made by US Foods which "are now in the possession of Defendant Alterna Solution Services, LLC, properly should have been paid to [Plaintiff]." ECF 91, PgID 2234–35. Plaintiff also requested judgment against RBG, Alterna, and UNFI in the amounts of the March 2021 beef proceeds and argued that it alone had the right to invoice and collect payment from US Foods and UNFI. *Id.* For the reasons below, the Court will deny Plaintiff's motion for summary judgment on its declaratory judgment claim.

5

I. <u>Entitlement to Invoice</u>

Plaintiff first claimed that it was the only party entitled to invoice UNFI and US Foods for the beef sales at issue in the present case. ECF 91, PgID 2251. Plaintiff alleged that part of Plaintiff's role in its relationship between RBG and Republic was to invoice the end customer. *See* ECF 93-7; ECF 29, PgID 887. Evidence of the agreement between RBG and Plaintiff to source the US Foods and UNFI beef for RBG, however, did not specify that Plaintiff could invoice the end-customers, let alone that Plaintiff was the only party that could invoice them. ECF 91-5, PgID 2536–37. And RBG provided evidence that it requested Plaintiff stop invoicing end-customers prior to asking Plaintiff to source the National Beef. ECF 93-7, PgID 3559; ECF 93-3, PgID 3493–94. Taking the evidence in the light most favorable to the non-moving party, a reasonable jury could infer that Plaintiff did not possess the right to invoice end-customers as part of its agreement with RBG—to say nothing of whether the agreement contemplated an exclusive entitlement. *See* ECF 93-7 (emails requesting Plaintiff stop invoicing end-customers in February and March 2021). Plaintiff therefore is not entitled to declaratory judgment that only its invoices were valid.

Moreover, Plaintiff did not possess the exclusive right to invoice the end-customer. In its previous Order, the Court found that Alterna, as a secured creditor of RBG, was entitled to notify end-customers regarding payments owed to RBG and collect on its invoices. ECF 126, PgID 5939–40; *see also* Mich. Comp. Laws § 440.9607(1)(a); *PNC Bank, Nat'l Ass'n v. Legal Advoc., P.C.*, No. 16-cv-13258, 2018 WL 10322119, at *2 (E.D. Mich. Apr. 13, 2018); *Sys. Soft Techs. v. Artemis Techs.*, 301

Mich. App. 642, 652 (2013). In other words, Alterna was entitled as a secured party to invoice US Foods and UNFI for the beef they purchased from RBG. ECF 126, PgID 5940. Plaintiff therefore cannot establish that it was the only party entitled to invoice US Foods and UNFI. The Court will deny Plaintiff's request for a declaration that only Plaintiff's invoices were valid.

II.  Entitlement to Proceeds

Plaintiff also argued that it was entitled to the proceeds of the beef sales from Alterna, RBG, and UNFI and requested declaratory judgment against each party in the amounts of the invoiced beef. ECF 91, PgID 2260. Plaintiff claimed that the beef sold to US Foods and UNFI was owned in part by Plaintiff and in part by Republic, but not by RBG. *Id.* at 2238. Plaintiff further claimed that because it owned and sold the beef, it was entitled to the proceeds. *Id.* For the reasons below, Plaintiff failed to show that it was entitled to the proceeds from RBG.

Beef and cattle fall under the Uniform Commercial Code (UCC) definition of goods because they are "movable at the time of identification to the contract for sale." Mich. Comp. Laws § 440.2105(1). Under the UCC, title to goods passes to a buyer when the seller completes its performance by delivery, unless the buyer and seller explicitly agreed otherwise. Mich. Comp. Laws § 440.2401(b). Title can also pass to the buyer in any way "explicitly agreed" upon by the parties. Mich. Comp. Laws § 440.2401(a). When a contract of the trading parties does not specify when title passed, the Court must look to the parties' intent. *GMAC Bus. Credit, L.L.C. v. Ford Motor Co.*, 100 F. App'x 404, 406 (6th Cir. 2004) (citing *Sherwood v. Walker*, 66 Mich.

568, 569 (Mich. 1887)). If the agreement of the parties clearly shows an intent contrary to the ordinary rules for constructing the agreement, then the contrary intention of the parties must control. *Id.* (citing *Blodgett v. Hovey*, 91 Mich. 571, 574 (Mich. 1892)).

A. *National Beef Sales*

Plaintiff did not present sufficient evidence that, as part of the National Beef sourcing agreement with RBG, the parties intended for title to pass contrary to the ordinary rules. When RBG asked Plaintiff to source beef, it represented that it would pay Plaintiff cash for the beef. ECF 91-5, PgID 2534–36. The available record evidence of the agreement between RBG and Plaintiff suggests that Plaintiff was to source the beef in exchange for cash from RBG. And in fact, Plaintiff even delivered a sales confirmation to RBG, which further supports the conclusion that Plaintiff purchased the beef to sell to RBG. ECF 91-5, PgID 2542. Moreover, DeVito, on behalf of Plaintiff, told RBG that the beef would be delivered to Republic—in accordance with Republic's contractual agreement with RBG, *see* ECF 93-1—and that Plaintiff would send the bill of lading (BOL) to RBG as soon as it received payment. *Id.* at 2541. Indeed, RBG emailed Plaintiff and confirmed it received the BOL after the beef was delivered to Republic's facility for processing. *Id.* at 2559. In short, Plaintiff presented no evidence that title to the beef product would pass contrary to the ordinary rules of the UCC. And taking the facts in the light most favorable to the non-moving parties, the evidence shows that Plaintiff completed its performance obligations by delivering the beef to Republic for processing. Once Plaintiff completed

8

its delivery to Republic, the title of the beef transferred to RBG. *See* Mich. Comp. Laws § 440.2401(b).

In the alternative, RBG also provided evidence that Plaintiff "received the full amount that it expected to receive when it entered into [the] National Beef transaction." ECF 93-5, PgID 3547–48. Even if title of the beef did not transfer to RBG when it was delivered to Republic, there is a genuine issue of material fact as to whether Plaintiff received payment for the beef, at which point title would transfer to the buyer for a price. *See GMAC Bus. Credit*, 100 F. App'x at 406 (quoting Mich. Comp. Laws § 440.2106(1)). There is thus a genuine issue of material fact regarding the ownership of the beef sourced from National Beef. Plaintiff failed to show that it is entitled to judgment against RBG in the amount of the proceeds from the National Beef transactions.

B. *United Feeders and Rocky Ford Beef Sales*

Plaintiff also claimed that it was entitled to the proceeds of the beef sourced from United Feeders, Inc., (United Feeders) and Rocky Ford Livestock, Co. (Rocky Ford), even though it did not claim to own that beef. *See* ECF 91, PgID 2260. Plaintiff, rather, argued that it is entitled to the proceeds because RBG did not own the beef and Plaintiff sold it. *Id.* at 2251–52, 2260.

First, there is a genuine issue of material fact as to who owned the beef from United Feeders and Rocky Ford. The purchase agreement between RBG and United Feeders for the cattle was signed by RBG, which constitutes clear tangible evidence that RBG purchased the cattle. ECF 101-17; PgID 4896. Taking the evidence in a

9

light most favorable to RBG supports the conclusion that RBG—not Republic—was the purchaser of the cattle and therefore the party that obtained title.

Plaintiff, however, argued that Republic paid United Feeders and Rocky Ford and therefore owned the cattle. ECF 91, PgID 2252. Plaintiff's argument rested on Tom Revier's statement in a March 18, 2021 telephone call that "Republic bought the cattle." ECF 91-6, PgID 2569. In that same call, however, Revier told Jeremy Robinson from Republic to pay for the cattle with funds from the sale of RBG inventory at Republic. ECF 91-6, PgID 2570; *see also* ECF 91-3, PgID 2452. When taken in a light most favorable to RBG, that discrepancy creates a genuine issue of material fact as to who purchased the cattle and who obtained title to the beef from United Feeders and Rocky Ford that was eventually sold to UNFI and US Foods. Plaintiff therefore failed to show that RBG did not own the beef. And more importantly, Plaintiff failed to provide any legal basis for why it is entitled to the proceeds of beef it admits it did not own.

Plaintiff instead argued that it was entitled to the proceeds because it sold the beef. ECF 91, PgID 2260. But the end-customers issued purchase orders for the beef to RBG—not Plaintiff. *See e.g.,* ECF 96-2; 96-3; 96-8; 96-10; *see also* ECF 125, PgID 5926–28. And Plaintiff provided no evidence or law to support the argument that the customers purchased the beef from Plaintiff. *See generally* ECF 91. In short, there is at the very least a genuine issue of fact concerning who sold the beef. And Plaintiff failed to show it was entitled to the proceeds from the sale as a matter of law. The

Court will therefore not grant declaratory judgment for Plaintiff against RBG for the United Feeders and Rocky Ford beef proceeds.

### C. *Alterna and UNFI*

Plaintiff also requested judgment against Alterna and UNFI in the amount of the beef proceeds. ECF 91, PgID 2260. But the Court found that Alterna is a secured creditor of RBG that was entitled by law to collect on RBG's accounts receivable. ECF 126, PgID 5939. Plaintiff is not entitled to judgment against Alterna for the amounts it collected from the end-customers. Similarly, the Court ruled that Plaintiff could not collect the proceeds that UNFI already paid to Alterna. ECF 125. And the Court granted UNFI's motion for interpleader concerning the unpaid transactions. *Id.* Plaintiff therefore is not entitled to judgment against UNFI.

### ORDER

Several genuine issues of material fact preclude the Court from granting Plaintiff's motion for summary judgment on its claim for declaratory judgment against Defendant RBG. And, as set forth above, Plaintiff is not entitled to judgment against Alterna and UNFI. The Court will therefore deny Plaintiff's motion for partial summary judgment.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for partial summary judgment [91] is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPEHEN J. MURPHY, III
United States District Judge

Dated: July 30, 2024

11